IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY RODRIGUEZ, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:21-cv-2731-E-BN |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Larry Rodriguez is detained pretrial after the return of an indictment in this district charging him with possession of a firearm by a convicted person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Rodriguez*, No. 3:21-cr-287-E (01) (N.D. Tex.).

Rodriguez, in the custody of the United States Marshal at the Limestone County Detention Center and represented by counsel in the underlying criminal proceeding, has now filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 collaterally attacking that proceeding on the basis that the federal government lacks jurisdiction to prosecute him. *See* Dkt. No. 3.

United States District Judge Ada Brown referred Rodriguez's habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court dismiss the petition without prejudice.

First, a Section 2241 habeas action "must be filed in the same district where the [petitioner] is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted); *see also Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) ("In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing, in turn, *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001)))).

Although Rodriguez is detained pretrial pursuant to an indictment out of this district, he is physically in custody in Limestone County, which lies outside this district and is within the Waco Division of the Western District of Texas. *See* 28 U.S.C. § 124(d)(2).

Regardless, his habeas petition is subject to summary dismissal without prejudice to Rodriguez's right to raise his current claims directly in the pending criminal proceeding.

"A pre-trial writ of habeas corpus is only available to a defendant in extraordinary circumstances." *United States v. Bowler*, 62 F.3d 397, 1995 WL 449713, at *1 (5th Cir. July 19, 1995) (per curiam). That is, such a writ "is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, *it is not available to a defendant before trial, except in rare and exceptional cases ....*" *Id.* at *2 (quoting *Johnson v. Hoy*, 227 U.S. 245, 247 (1913); emphasis added by *Bowler*);

*see also Stack v. Boyle*, 342 U.S. 1, 6-7 (1951) ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted." (citations omitted)).

So, consistent with United States Supreme Court precedent, "the settled principle" in this circuit is "that a writ of habeas corpus may not be used ... as a substitute for the ordinary proceedings of a trial court." *Bowler*, 1995 WL 449713, at *2 (quoting *United States v. Saegert*, 251 F.2d 59, 60 (5th Cir. 1957)); *see also Saegert*, 251 F.2d at 60 n.2 (noting, as applicable here, that the writ "is not ordinarily available" "to determine every jurisdictional question which may arise").

## Recommendation

The Court should dismiss the application for a writ of habeas corpus without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 5, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE